**ALD-371**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3214
_____

IN RE: CHRISTOPHER KUDJO ALIPUI,
                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:15-cv-01255)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 4, 2016

Before: AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 9, 2016)
_____

OPINION[*]
_____

PER CURIAM

Christopher Alipui presents a petition for writ of mandamus requesting that we

direct the District Court to rule on a habeas petition that he filed pursuant to 28 U.S.C.

§ 2241.  We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alipui, a native and citizen of Ghana, who is now in federal immigration custody at the Pike County Correctional Facility in Pennsylvania, was convicted in the United States District Court for the Eastern District of Virginia of bank fraud and aggravated identity theft. As a result of those convictions, removal proceedings, which had been administratively closed, were reopened. Although Alipui applied for deferral of removal under the Convention Against Torture ("CAT"), see 8 C.F.R. § 1208.17, an immigration judge denied his application. Thereafter, the Board of Immigration Appeals dismissed Alipui's administrative appeal and ordered him removed to Ghana. In July 2015, Alipui filed in this Court a timely petition for review of that determination.[1]

Around that same time, Alipui filed in the United States District Court for the Middle District of Pennsylvania—his district of confinement—a habeas petition pursuant to § 2241, naming as respondents various federal and prison officials, see Alipui v. Holder, et al., D.C. Civ. No. 3:15-cv-01255. In that petition, Alipui argued that his imprisonment is unconstitutional and asked that the District Court order his release. Shortly after the respondents filed a response to the petition, Alipui filed a second § 2241 petition in the District Court, see Alipui v. Warden Lowe, et al., D.C. Civ. No. 3:16-cv-00263.

After determining that Alipui's second habeas petition presented substantially the same arguments that he raised in the first petition, the District Court entered an order on April 7, 2016, consolidating the petitions under the earlier docket number—D.C. Civ. No.

---

[1] We later dismissed Alipui's petition for review for his failure to prosecute the case.

3:15-cv-01255. Alipui now asks us to direct the District Court to rule on his first § 2241 petition, arguing that it has been pending for over one year.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here.

Alipui is correct that he filed his first habeas petition in the District Court over one year ago. However, he does not take into account that shortly after that petition became ripe for disposition, the District Court entered an order consolidating that matter with a substantially similar matter that Alipui filed in February 2016.[2] According to the docket, the respondents, on April 25, 2016, filed a response to Alipui's consolidated petitions. On May 9, 2016, Alipui filed a traverse. Thus, the consolidated petitions have been ripe for review only for approximately three months. We do not hesitate to conclude that this time period "does not yet rise to the level of a denial of due process." Id. (stating that several months of inaction is insufficient to warrant mandamus relief). Because we are

---

[2] We observe that Alipui did not challenge the District Court's consolidation order.

3

fully confident that the District Court will rule on Alipui's consolidated habeas petitions without undue delay, we will deny the mandamus petition.[3]

---

[3] Based on Alipui's filings, it does not appear that immigration officials have provided him with a date when he will be removed to Ghana.